**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAFAEL ANGEL DIAZ NIEVES,**

        **Plaintiff,**

**-vs-**                                **Case No.  6:11-cv-1471-Orl-35KRS**

**EDNA IRIZARRY, TRACIE PHILLIPS-**
**MORGAN, FOYE BUCHANNON**
**WALKER, et al.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:** September 6, 2011

**I.  PROCEDURAL HISTORY.**

Plaintiff Rafael Angel Diaz Nieves, appearing on his own behalf, filed his original complaint in this case against the following defendants: Edna Irizarry, Tracie Phillips-Morgan, Foye Buchannon Walker, Resolution Health Alliance, P.A., John D. Evans, Michael Yeager, Megan Gillis. Doc. No. 1. Evans, Yeager and Gillis are sued individually and as employees of Resolution Health Alliance. *Id*. In the complaint, Nieves alleges that these numerous defendants have conspired to disclose, falsify and publicize his private medical records. These records were apparently used against Nieves in his divorce

proceeding. Nieves alleges violation of privacy, falsification of medical records, gross negligence, libel, defamation of character, conspiracy to commit fraud, intentional infliction of emotional distress, and injury to the plaintiff. Nieves seeks an order requiring defendants to return medical and private records to him; prohibiting defendants from future tortious conduct and libelous communications; and awarding him $7,000,000.00 in damages. *Id*. at 13.

## II. STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Nieves' complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under § 1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490. Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. 8(a)).

The United States Supreme Court recently addressed what factual allegations are necessary to survive a motion to dismiss. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil

Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[P]*ro se* litigant[s] must still meet minimal pleading standards.").

**III.   ANALYSIS.**

Nieves appears to be attempting to state a claim for violation of 42 U.S.C. §1983 based on his constitutional right to privacy and the release of his medical records for use in a public proceeding. However, Nieves has not alleged any actions of any defendant which deprived him of that federal right while "acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295,1303 (11th Cir. 2001).

To state a claim under 42 U.S.C. § 1985 for civil rights conspiracy, a plaintiff has to allege: (1) conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Brotherhood of Carpenters & Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983). The second element requires a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id*. at 829 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Nieves did not allege the required discriminatory animus. Nieves alleges that attorneys and health professionals conspired to reveal his private information and medical records. He does not offer any discriminatory animus to support this conspiracy.

Nieves has failed to allege a federal cause of action or provide any other basis for federal jurisdiction over his claims. Assuming that Nieves intends to allege a violation of his civil rights under

42 U.S.C. § 1983, in his amended complaint, Nieves must state the specific Constitutional right, federal law or treaty that each defendant allegedly violated. He must allege facts showing how each defendant deprived him of that federal right while "acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Nieves must also set forth the relief he seeks from each defendant.

Accordingly, I recommend that the Court **DISMISS** the case without prejudice and allow Nieves to file an amended complaint within fourteen days after the Court's order on this Report and Recommendation, and **DENY** the motion to proceed *in forma pauperis*, Doc. No. 2, without prejudice to refiling it with the amended complaint. I further recommend that the Court advise Nieves that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 9, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy