RAFAEL ANGEL DIAZ NIEVES,

                Plaintiff,

-vs-                                Case No. 6:11-cv-1471-Orl-35KRS

EDNA IRIZARRY, TRACIE PHILLIPS-
MORGAN, FOYE BUCHANNON
WALKER, et al.,

                Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 6)** |
| **FILED:** | **September 6, 2011** |

## I.    PROCEDURAL HISTORY.

       Plaintiff Rafael Angel Diaz Nieves, appearing on his own behalf, filed his original complaint in this case against the following defendants: Edna Irizarry, Tracie Phillips-Morgan, Foye Buchannon Walker, Resolution Health Alliance, P.A., John D. Evans, Michael Yeager, Megan Gillis.  Doc. No. 1.  Evans, Yeager and Gillis are sued individually and as employees of Resolution Health Alliance. *Id.* In the complaint, Nieves alleges that these numerous defendants have conspired to disclose, falsify and publicize his private medical records.  These records were apparently used against Nieves in his divorce

proceeding. Nieves alleges violation of privacy, falsification of medical records, gross negligence, libel, defamation of character, conspiracy to commit fraud, intentional infliction of emotional distress, and injury to the plaintiff. Nieves sought an order requiring Defendants to return medical and private records to him; prohibiting Defendants from future tortious conduct and libelous communications; and awarding him $7,000,000.00 in damages. *Id*. at 13.

The undersigned recommended that the original complaint be dismissed with leave for Nieves to file an amended complaint. Doc. No. 4. Before a decision was entered on that recommendation, Nieves filed an amended complaint and a renewed motion to proceed *in forma pauperis*. Doc. Nos. 5, 6. The amended complaint arises from the same facts underlying the original complaint. Because the amended complaint does not state a basis on which this Court could exercise subject matter jurisdiction, I **respectfully recommend** that the Court **dismiss** the case, **deny** all pending motions, and **direct** the Clerk of Court to close the file.

## II.    STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Nieves' complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*,

547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under § 1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490. Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. 8(a)).

The United States Supreme Court recently addressed what factual allegations are necessary to survive a motion to dismiss. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

## III.    ANALYSIS.

In the amended complaint, Nieves appears to be attempting to allege that Defendants conspired to violate his civil rights by releasing his medical records for use in a public proceeding in violation of 42 U.S.C. § 1985, 45 C.F.R. §§ 160-64 and 28 U.S.C. § 1346 (federal tort claims act). He cites various federal jurisdiction statutes, specifically 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (original jurisdiction over civil rights cases), and 28 U.S.C. § 1367 (supplemental jurisdiction). Nieves also asks the Court to exercise supplemental jurisdiction over his claim of violation of "Florida Statutes 934 § 4615(11), 92 § 525."[1] Doc. No. 5 at 1-2.

The federal regulations cited by Nieves were promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Nieves appears to argue that these regulations created a constitutional right to privacy in his medical records. The United States Court of Appeals

---

[1]  Nieves did not state the subject of this statute, and I have been unable to locate it by the citation provided.

for the Eleventh Circuit has rejected this argument. *See Sneed v. Pan Am. Hosp.*, 370 F. App'x 47 (11th Cir. 2010)(unpublished decision cited for persuasive value). The *Sneed* court stated, "We decline to hold that HIPAA creates a private cause of action . . . or rights that are enforceable through § 1983. Sneed's argument that, because HIPAA codifies the constitutional right to privacy, there exists an implied private cause of action under HIPAA is unpersuasive." *Id.* at 48.

To state a claim under 42 U.S.C. § 1985 for civil rights conspiracy, a plaintiff has to allege: (1) conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Brotherhood of Carpenters & Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983). The second element requires a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 829 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Nieves did not allege the required discriminatory animus.

The Federal Tort Claims Act "provides that the United States may be held liable for the negligent conduct of its employees 'in the same manner and to the same extent as a private individual under like circumstances.'" *Pate v. Oakwood Mobile Homes, Inc.*, 374 F.3d 1081, 1084 (11th Cir. 2004). Nieves has not alleged that any of the Defendants are employees of the United States. Therefore, the Federal Tort Claims Act does not apply in this case.

As such, Nieves has not alleged any federal cause of action over which this Court may exercise original jurisdiction.

Nieves further alleges violations apparently arising under state law, specifically: invasion of privacy; falsification of medical records; gross negligence; libel; conspiracy to commit fraud; intentional infliction of emotional distress; and injury to the plaintiff. The allegations of the complaint establish that the Court cannot exercise diversity jurisdiction. The Court could exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 if it had original jurisdiction over any cause of action. Because Nieves has not stated a federal question claim over which this Court has original jurisdiction, the Court cannot exercise supplemental jurisdiction over the state law causes of action.

## IV.    RECOMMENDATION.

Because Nieves has previously been given an opportunity to amend his complaint, it appears that leave to file a second amended complaint would be futile. Therefore, I recommend that the Court **DISMISS** the case, **DENY** the motions to proceed *in forma pauperis*, Doc. Nos. 2, 6, and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 21, 2011.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy